```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ALEX DEVAUGHN,

                           Petitioner,           MEMORANDUM & ORDER

       -against-                                 14-CV-2322 (NGG)

HAROLD D. GRAHAM,

                           Respondent.
----------------------------------------------------------------X
```
NICHOLAS G. GARAUFIS, United States District Judge.

Before the court is pro se Petitioner Alex Devaughn's ("Petitioner" or "Devaughn") petition for writ of habeas corpus challenging his convictions for second-degree murder and first-degree robbery in New York Supreme Court, Queens County. (Petition (Dkt. 1) at 1.) Petitioner requests that the court stay his petition while he exhausts one of the four asserted claims by seeking a writ of error coram nobis in state court. For the reasons set forth below, Petitioner's request for a stay is GRANTED subject to the conditions set forth in the conclusion to this Memorandum and Order.

I.  **DISCUSSION**

Having been convicted after a jury trial of two counts of murder in the second degree and two counts of robbery in the first degree, Petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on April 7, 2014, in which he raises the following four grounds for relief: (1) the trial court erred by admitting evidence of uncharged crimes against him; (2) he was denied his Sixth Amendment right to confront witnesses against him and to present "credible evidence of a drug related motive for the death of the deceased"; (3) the trial court erred in ordering that his sentences will run consecutively rather than concurrently; and (4)

1

ineffective assistance of appellate counsel based on an allegation that said counsel "failed to raise viable and meritorious issues" in his appeal. (Petition at 5-11.) With respect to this fourth claim, Petitioner acknowledges that he has not exhausted his state remedies and therefore requests that the court stay his petition while he seeks a writ of error coram nobis on that claim in state court. (Id. at 10-12.)

Generally, a petitioner must exhaust all available state remedies before commencing a proceeding pursuant to 28 U.S.C. § 2254. Rose v. Lundy, 455 U.S. 509 (1982). Where, as here, a pro se habeas petition includes both exhausted and unexhausted claims, the Second Circuit has held that a district court may either (1) dismiss the entire petition without prejudice, or (2) dismiss only the unexhausted claim(s) and stay further proceedings on the petition while the petitioner returns to state court. See Zarvela v. Artuz, 254 F.3d 374, 380-82 (2d Cir. 2001); see also Rhines v. Weber, 544 U.S. 269, 276-79 (2005) (affirming the stay and abeyance approach to so-called "mixed" petitions). Where outright dismissal "could jeopardize the timeliness of a collateral attack," the Zarvela court noted that a stay may be the only appropriate course. Zarvela, 254 F.3d at 380. However, such a stay must be strictly circumscribed in order to ensure the petitioner does not take undue time in pursuing state court remedies by setting "reasonable intervals of time to present his claims to the state courts and to return to federal court after exhaustion." Id. at 381.

Because Petitioner's ineffective assistance of appellate counsel claim has not been exhausted, the court must determine whether a stay is appropriate under the circumstances. In Rhines v. Weber, the United States Supreme Court cautioned that mixed petitions should be stayed "only in limited circumstances," and never when the unexhausted claim is "plainly meritless." 544 U.S. 269, 270 (2005). On the face of the Petition, however, the court cannot

conclude that Petitioner's ineffective assistance of appellate counsel is without merit. Moreover, given the roughly six months remaining before expiration of Petitioner's one-year limitations period under 28 U.S.C. § 2244(d), the court is less concerned that Petitioner's inclusion of an admittedly unexhausted claim frustrates the policies identified by the Supreme Court in Rhines or is otherwise intended to evade the § 2244(d)'s strict limitations period. As such, in the interest of justice and efficiency, the court finds a stay to be appropriate in this case subject to the strict deadlines detailed below.

## II. CONCLUSION

For the aforementioned reasons, Petitioner's request for a stay is granted so as to allow him to exhaust his ineffective assistance of appellate counsel claim. Specifically, the unexhausted claim (Ground 4) is DISMISSED without prejudice and the remainder of the Petition is STAYED and HELD IN ABEYANCE subject to the following conditions: (1) within thirty (30) days of entry of this Memorandum and Order, the Petitioner is directed to file his request for writ of error coram nobis before the appropriate state court; and (2) within thirty (30) days of the completion of Petitioner's effort to exhaust the claim (including all appropriate appeals) Petitioner is directed to return to this court and file an affidavit stating that his coram nobis petition has been disposed of and that he wishes either to terminate the stay of this case or to voluntarily dismiss his Petition.

If Petitioner exhausts the unexhausted ineffective assistance of counsel claim and returns to this court within the time limits set forth above, he will be permitted to amend his habeas petition to reinstate the ineffective assistance of appellate counsel claim, and such amendment will relate back to the date of the original petition. See Zarvela, 254 F.3d at 381-382. Failure to

3

comply with either deadline will result in the stay being vacated nunc pro tunc as of the date it was entered, and may result in Petitioner's entire petition being dismissed. See id.

Alternatively, the Petitioner may inform this court in writing within thirty (30) days of entry of this Memorandum and Order that he wishes to withdraw his unexhausted claim and have the court proceed on only the apparently exhausted claims in his Petition (Grounds 1-3). An Order to Show Cause directing the Respondent to answer the Petition will be issued by this court at the appropriate time.

Petitioner's motion to proceed in forma pauperis (Dkt. 2) is GRANTED. The Clerk of the Court is directed to mail a copy of this Memorandum and Order to Petitioner forthwith.

SO ORDERED.

Dated: Brooklyn, New York
April ₂₁ 2014

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge